UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TRANSPORTATION AND<br>LOGISTICAL SERVICES, INC. | CIVIL ACTION |
| VERSUS | |
| H & E EQUIPMENT SERVICES, INC. | NO. 21-00118-BAJ-SDJ |

### RULING AND ORDER

This action seeks to recover $67,860.00 due on an open account, plus statutory attorney's fees for the prosecution and collection of Plaintiff's claim, pursuant to La. R.S. § 9:2781. Now before the Court is Plaintiff's **Motion For Summary Judgment (Doc. 7)**. Defendant opposes Plaintiff's Motion, but has failed to direct the Court to any evidence supporting its position. (Doc. 8). For reasons to follow, Plaintiff's Motion will be granted, and judgment will be entered in Plaintiff's favor for $67,860.00, the full amount due on Defendant's account. The Court will withhold judgment on Plaintiff's claim for attorney's fees pending Plaintiff's submission of a motion for costs and fees consistent with the requirements of Local Rule 54.

I. BACKGROUND

    A. Undisputed Facts

The following "facts" are drawn from Plaintiff's Statement of Uncontested Material Facts and appended exhibits (Doc. 7-6), and deemed admitted pursuant to Local Rule 56(f), due to Defendant's failure to submit a responsive opposing statement of material facts that meets the requirements of Local Rule 56(c).[1]

---

[1] This Court has repeatedly admonished that summary judgment is about *evidence*, and a

Plaintiff provided freight brokerage and transportation logistical services to Defendant pursuant to a Broker Agreement dated May 17, 2018. (Doc. 7-6 at ¶ 1; Doc. 7-5). Plaintiff's President, Jason King, executed the Broker Agreement on Plaintiff's behalf. (Doc. 7-5 at 3).

Between March 3 and April 28, 2020, Plaintiff provided services to Defendant resulting in 54 separate invoices totaling $67,860.00. (Doc. 7-6 at ¶¶ 2, 4; Doc. 7-2 at ¶¶ 2, 3, 7; Doc. 7-3; Doc. 7-4). To date, these invoices remain unpaid. (Doc. 7-6 at ¶ 4;

---

party that fails to direct the Court's attention to any evidence supporting its claims or defenses cannot carry its burden of showing a genuine, material dispute (or lack thereof). *See CMFG Life Ins. Co. v. Lee*, No. 20-cv-00157, 2021 WL 1395768, at *1 (M.D. La. Apr. 13, 2021) (Jackson, J.) (collecting cases). To guide the parties in their preparation of summary judgment papers, and to minimize the burden on the Court when reviewing summary judgment motions, the Local Rules provide detailed instructions governing summary judgment practice. *See generally* M.D. La. LR 56. These Local Rules carry the force of law, and a party that disregards them does so at its own peril. *CMFG Life Ins. Co.*, 2021 WL 1395768, at *1

Relevant here, Local Rule 56(c) required Defendant to submit an opposing statement of material facts responsive to Plaintiff's Statement of Uncontested Material Facts. M.D. La. LR 56(c). Local Rule 56(c) further provides: "The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule." *Id.*

Here, Defendant submitted a responsive Statement of Contested Material Facts, but cited *no evidence* whatsoever to contradict Plaintiff's proposed "uncontested facts." (Doc. 10-2 at 1). Instead, Defendant responded to each of Plaintiff's proposed "facts" with the following: "Denied. H&E avers that this fact should be stricken as not supported by a competent summary judgment evidence." (*Id.*).

Below, the Court addresses each of Defendant's objections to Plaintiff's summary judgment evidence, and determines that they are baseless. At the end of this analysis, what remains are denials without evidentiary support, in direct violation of Local Rule 56(c). Accordingly, consistent with Local Rule 56(f), the Court disregards Defendant's bald denials and deems Plaintiff's proposed uncontested material facts admitted for purposes of this analysis. *See, e.g.*, *Lemings v. Taylor*, No. 18-cv-00768, 2021 WL 2585920, at *3 (M.D. La. June 23, 2021) (Jackson, J.) (moving parties' proposed uncontested material facts deemed admitted under Local Rule 56(f) where opposing party failed to submit an opposing statement of material facts meeting the requirements of Local Rule 56(c)).

Doc. 7-2 at ¶ 7).

### B. Relevant Procedural History

Plaintiff initiated this action on February 24, 2021, seeking to recover the unpaid $67,860.00 due on the 54 invoices, plus statutory attorney's fees, pursuant to La. R.S. § 9:2781. (Do c. 1). On April 27, 2021, Defendant submitted its Answer, generally denying any liability. (Doc. 4).

On May 18, 2021, Plaintiff submitted the instant Motion for Summary Judgment (Doc. 7). As required by Federal Rule of Civil Procedure 56(c) and Local Rule 56(b)(1), Plaintiff submitted a 4-paragraph list of "uncontested material facts" mirroring the facts set forth above, supported by the sworn affidavit of Mr. King. (Doc. 7-2). Mr. King's affidavit attests that "he has personal knowledge of [Plaintiff's] practices and regularly conducted activities," and that all of the facts set forth in his affidavit are "true and correct, and based upon my personal knowledge or upon the contents of [Plaintiff's] business records." (Doc. 7-2 at ¶¶ 1, 8). Appended to Mr. King's Affidavit are two exhibits culled from Plaintiffs' regular business records: (1) a spreadsheet compiling Defendant's 54 unpaid invoices, (Doc. 7-3); and (2) copies of the unpaid invoices themselves, (Doc. 7-4). Plaintiff has also provided a copy of the underlying Broker Agreement executed by Mr. Smith. (Doc. 7-5).

On June 4, 2021, Defendant submitted its opposition to Plaintiff's Motion. (Doc. 10). Notably, Defendant's Opposition does *not* deny that Defendant owes Plaintiff $67,860.00. Instead, Defendant objects to Plaintiff's summary judgment evidence, arguing that Mr. King's affidavit "is deficient because 1) the facts to which Jason King attests are not based upon his personal knowledge; and 2) the supporting

3

documentation to the attached invoices do not indicate the amounts charged are accurate." (Doc. 10 at 5). Alternatively, Defendant posits that Plaintiff has "breached numerous terms and conditions of the [Broker] Agreement," thus excusing Defendant's debt. (*Id.* at 6-7).

## II. ANALYSIS

### A. Standard

Federal Rule of Civil Procedure 56 provides that the Court may grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the movant bears its burden of showing that there is no genuine issue of fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* at 587. Stated differently, "[i]f the party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required." *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990).

### B. Discussion

Louisiana's open account statute provides, in pertinent part:

A. When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the

4

> claimant. Citation and service of a petition shall be deemed written demand for the purpose of this Section.
>
> …
>
> D. For the purposes of this Section … "open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions.

La. R.S. § 9:2781. Additionally, Louisiana courts interpreting the open account statute have held that "an open account necessarily involves an underlying agreement between the parties on which the debt is based, such that where there is no contractual relationship between the parties, there can be no recovery on an open account basis." *Louisiana Mach. Co., LLC v. Bihm Equip. Co.*, 2019-1081 (La. App. 1 Cir. 8/10/21), 329 So.3d 317, 324 (citing authorities). "Moreover, the mere creation of a debt owed to a party does not give rise to an action on an open account. Inherent in the concept of an open account is that the account is for services or goods rendered." *Id.* (citing authorities). Finally, the plaintiff must establish that the account was kept in the ordinary course of business and that the debt owed is accurate. *Seale & Ross, P.L.C. v. Holder*, 2019-1487 (La. App. 1 Cir. 8/3/20), 310 So. 3d 195, 200.

"Once the plaintiff has established a prima facie case, the burden shifts to the debtor to prove the inaccuracy of the account or to prove that the debtor is entitled to certain credits." *Id.*

Here, Mr. King's affidavit and accompanying regular business records establish all elements of Plaintiff's prima facie case: that is, (1) a contractual relationship (2) whereby Plaintiff agreed to provide services to Defendant and Defendant agreed to pay for such services; (3) 54 invoices accurately totaling

5

$67,860.00 evidencing Plaintiff's services rendered between March 3 and April 28, 2020; (4) Defendant's failure to pay for these services for a period greater than thirty days; and (5) Plaintiff's written demand, in the form of citation and service of Plaintiff's original Complaint.

Thus, the burden shifts to Defendant "to prove the inaccuracy of the account or to prove that [it] is entitled to certain credits." *Seale & Ross, P.L.C.*, 310 So. 3d at 200. Here, as indicated above, Defendant does *not* deny owing Plaintiff $67,860.00, and has not attempted to show that Plaintiff's accounting is inaccurate *or* that it is entitled to credit or offset. Instead, Defendant seeks merely to discredit Plaintiff's summary judgment evidence, arguing that Mr. King's affidavit "is deficient"—and therefore cannot support summary judgment—"because 1) the facts to which Jason King attests are not based upon his personal knowledge; and 2) the supporting documentation to the attached invoices do not indicate the amounts charged are accurate." (Doc. 10 at 5). Alternatively, Defendant contends that its debt is excused by Plaintiff's alleged breach of certain provisions contained in the Broker Agreement. (*Id.* at 6-7). The Court is not persuaded by Defendant's objections.

Defendant's first objection—that Mr. King's affidavit is not based on personal knowledge—fails on multiple levels. First, and most obvious, Mr. King swears otherwise, stating in his affidavit that as Plaintiff's President "he has personal knowledge of [Plaintiff's] practices and regularly conducted activities," *and* that all of the facts set forth in his affidavit are "true and correct, and based upon my personal knowledge or upon the contents of [Plaintiff's] business records." (Doc. 7-2 at ¶¶ 1, 8).

As indicated above, *supra* fn. 1, Defendant offers no *evidence* to contradict Mr. King's sworn statements, but instead resorts to conjecture, asserting "[i]t is clear that Mr. King is not the person who has actual 'knowledge of the acts and events' of H&E's disputed account with TLS." (Doc. 10 at 5). Essentially, Defendant invites the Court to throw out Mr. King's affidavit and to deny Plaintiff's motion for summary judgment based on hunch. That is something the Court expressly *cannot* do at the summary judgment stage. *See Wells v. Minnesota Life Ins. Co.*, 885 F.3d 885, 889 (5th Cir. 2018) ("Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment. We resolve factual controversies in favor of the nonmoving party, but only when both parties have submitted evidence of contradictory facts." (quotation marks, alterations, and citations omitted)).

Further, and in any event, Federal Rule of Evidence 803(6)—the business records exception to the hearsay rule—allows a corporate representative such as Mr. King to rely on regularly kept business records when preparing an affidavit in support of a motion for summary judgment. *Davis v. AltaCare Corp.*, 291 F. App'x 645, 647 (5th Cir. 2008) (citing authorities). Here, there is no evidence to suggest that Plaintiff's invoices evidencing Defendant's debt are not contemporaneous and produced and kept in the regular course of Plaintiff's business activities. Accordingly, Mr. King was entitled to rely on them and, again, Defendant's objection fails.

Defendant's second objection—that "the supporting documentation to the attached invoices do not indicate the amounts charged are accurate," (Doc. 10 at 5)—

7

is just as easily dispatched. Mr. King's affidavit attests to the invoices' accuracy, thereby establishing this element of Plaintiff's prima facie case and shifting the burden to Defendant to prove their *inaccuracy*. *Seale & Ross, P.L.C.*, 310 So. 3d at 200. Here, again, Defendant has produced no evidence to contradict the accuracy of Plaintiff's invoices or Mr. King's sworn statements. Thus, Defendant *cannot* carry its burden at summary judgment. *See CMFG Life Ins. Co.*, 2021 WL 1395768, at *1, *supra* fn. 1.

Defendant's final objection—that its debt is excused by Plaintiff's breach of certain conditions set forth in the Broker Agreement—is a non-starter. First, yet again, Defendant fails to properly cite any record evidence supporting these allegations in its opposing Statement of Contested Material Facts, as required by Local Rule 56(c). (*See* Doc. 8-2 at p. 2).[2] Second, even if the Court *assumes* that these unsubstantiated allegations are true (which the Court will not do at the summary judgment stage)—these alleged breaches do not provide a defense to Plaintiff's action.[3] Instead, Defendant must respond to Plaintiff's prima facie case by "prov[ing]

---

[2] Defendant's opposing Statement of Contested Material Facts also directs the Court's attention to a 10-paragraph list of additional "Contested Material Facts." (Doc. 10-2 at 2). Three of these purported "contested facts"—identified at paragraphs 1, 2, and 3—are actually restatements of Defendant's *argument* that Plaintiff's summary judgment proof is deficient. (*Id.* ¶¶ 1-3). The seven remaining "contested facts"—identified at paragraphs 4, 5, 6, 7, 8, 9, and 10—are not supported by any record evidence whatsoever. (*Id.*). As such, Defendant's recitation of additional "contested facts" is deficient, and will be disregarded pursuant to Local Rule 56(f). *See CMFG Life Ins. Co.*, 2021 WL 1395768, at *1 (disregarding plaintiff's deficient statement of material facts due to plaintiff's failure to cite record evidence in violation of Local Rule 56(b).

[3] Defendant alleges that Plaintiff has breached terms of the Broker Agreement addressing (1) what information must be listed on carrier contracts, (2) obtaining proof of carrier insurance, and (3) providing defense and indemnification to Defendant "where necessary." (Doc. 8 at 7-8). Even if proved, these breaches do not impact the Court's analysis because they do not have any material bearing on whether Defendant's account is inaccurate, or

8

the inaccuracy of the account or … that [it] is entitled to certain credits." *Seale & Ross, P.L.C.*, 310 So. 3d at 200. Having failed to produce any evidence that Plaintiff's records are inaccurate or that Defendant is entitled to credits offsetting its debt, Defendant has failed to carry its burden on an essential element of its defense, and summary judgment must be entered in Plaintiff's favor. *Geiserman*, 893 F.2d at 793.

### III.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 7) be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that judgment in the amount of $67,860.00 be and is hereby entered in favor of Plaintiff Transportation and Logistical Services, Inc. and against Defendant H & E Equipment Services, Inc.

**IT IS FURTHER ORDERED** that within 30 days of the date of this Order, Plaintiff shall submit its motion for costs and reasonable attorney's fees consistent with the requirements set forth at Local Rule 54. Defendant shall submit its response to Plaintiff's motion for costs and attorney's fees, if any, within 14 days of the date of Plaintiff's motion.

**The Court will withhold entry of final judgment pending a ruling on Plaintiff's motion for costs and attorney's fees. Plaintiff's failure to timely submit a motion for costs and attorney's fees will be deemed a waiver of Plaintiff's right to any such relief. Defendant's failure to timely oppose**

---

whether Defendant is entitled to credits reducing its balance. *Seale & Ross, P.L.C.*, 310 So. 3d at 200.

**Plaintiff's motion, if any, will be deemed a waiver of Defendant's right to oppose an award of costs and attorney's fees.**

Baton Rouge, Louisiana, this 21st day of March, 2022

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**